# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| MELVIN LONBERGER and BOBBIE LONBERGER | PLAINTIFFS |
| v. | CAUSE NO. 1:13CV243-LG-JMR |
| OMNI INDEMNITY COMPANY; CHAPMAN INSURANCE SERVICES, INC.; CURT CONNER CHAPMAN; JOHN DOES 1-10; and JANE DOES 1-X | DEFENDANTS |

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANTS' MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Remand [11] filed by Melvin and Bobbie Lonberger, as well as the Motion to Dismiss [5] and the Motion to Strike [22] Response in Opposition to Motion to Dismiss filed by Chapman Insurance Services, LLC, and Curt Conner Chapman (hereinafter referred to as "the Chapman defendants"). The pending Motions concern the issue of whether the Chapman defendants are improperly joined as defendants for the purpose of defeating subject matter jurisdiction, and whether procedural defects warrant remand of this lawsuit to state court. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Lonbergers' Motion to Remand should be denied, and the Chapman defendants' Motion to Dismiss should be granted. The Chapman defendants' Motion to Strike is moot, since the documents they seek to strike would have no impact on the Court's ruling.

## FACTS

Melvin and Bobbie Lonberger claim that their automobile insurer Omni

Indemnity Company wrongfully refused to pay medical bills they incurred following two motor vehicle accidents. In their Complaint, the Lonbergers assert that the Chapman defendants failed to provide them with a complete copy of their insurance policy until after the accidents. The Lonbergers also claim that the Chapman defendants failed to adequately explain uninsured motorists coverage to them.

## DISCUSSION

### I. IMPROPER JOINDER

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the civil action is between citizens of different states. It is undisputed that the amount in controversy is satisfied in this case and that the Lonbergers and Omni are citizens of different states. The issue pending before the Court is whether the non-diverse defendants Chapman and Chapman Insurance are improperly joined as defendants.

> The Fifth Circuit has explained:
>
> The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). "[T]he purpose underlying the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined." *Id.* Thus, "the focus of the inquiry must be on the joinder, not on the merits of the plaintiffs' case." *Id.* The burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one. *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)). To establish improper joinder, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citing

*Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

*Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). When determining whether a plaintiff has established a cause of action against a non-diverse defendant, this Court must consider "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant . . . ." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Courts generally conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.

The Lonbergers attempt to assert the following causes of action against Omni and the Chapman defendants: (1) negligence, negligence per se, and gross negligence in the hiring, supervision, and retention of agents and employees; (2) negligent and/or grossly negligent misrepresentation and negligent and/or grossly negligent inducement in contracting; (3) negligent and/or grossly negligent non-disclosure of material facts; (4) negligent and/or grossly negligent non-disclosure of rights, claims and/or interests; (5) breach of contract; (6) negligent and/or grossly negligent concealment of the defendants' breaches of contractual duties; (7) negligent and/or grossly negligent concealment of the plaintiffs' causes of action; (8) continuing torts of negligence, gross negligence, non-disclosure, concealment, deceit, misrepresentation, and other claims to be shown at trial; (9) bad faith; (10) breach of warranties; (11) negligent and/or grossly negligent interference with the plaintiffs' contracts, rights, privileges, and interests; (12) continuing tortious

interference with plaintiffs' rights, privileges, and interests; and (13) the tort of outrage. (Compl. at 14-15, ECF No. 1-2). In sum, therefore, the Lonbergers attempt to assert negligence, gross negligence, negligent misrepresentation, breach of contract, bad faith, tortious interference with contract, and a claim of outrage against the defendants.

As explained previously, there are only two factual allegations in the Complaint that concern the Chapman defendants – the alleged failure to provide a complete copy of the insurance policy and the alleged failure to fully explain uninsured motorist coverage. The Court will first consider the negligence and gross negligence claims. The Mississippi Supreme Court has held, "It is well settled that to prevail on a negligence claim, a plaintiff must prove, by a preponderance of the evidence, duty or standard of care, breach, causation and damages." *Huynh v. Phillips*, 95 So. 3d 1259, 1262 (¶9) (Miss. 2012). The Lonbergers' lawsuit is based on the alleged wrongful denial of their insurance claims, and any damages they suffered arose out of the handling of those claims. The alleged failure to deliver a complete copy of the insurance policy is of no consequence. Significantly, the Lonbergers have not cited any authority that creates a separate cause of action arising solely out of the failure to deliver an insurance policy under Mississippi law. They have only cited authority stating that an individual who delivers a policy to the insured is deemed the agent of the insurer issuing the policy*, see Aetna Ins. Co. v. Lester*, 154 So. 706, 708 (Miss. 1934), and *Stewart v. Coleman & Co.*, 81 So. 653, 655 (Miss. 1919), and authority holding that an insured cannot assert a negligent

misrepresentation claim if he is in possession of a policy that directly contradicts the misrepresentation, *Mladineo v. Schmidt*, 52 So. 3d 1154, 1167 (¶53) (Miss. 2010). The alleged failure to deliver the policy may impact Omni's ability to defend the Lonbergers' purported negligent misrepresentation claims against Omni, but there is no showing that the Lonbergers can recover against the Chapman defendants on that basis.

In support of their allegation that the Chapman defendants failed to explain uninsured motorist coverage, the Chapman rely on cases pertaining to the duty to obtain a knowing and informed waiver of uninsured motorist coverage.[1] *See, e.g., Honeycutt v. Coleman*, No. 2010-CT-01470-SCT, 2013 WL 2350358 at *2 (¶8-15) (Miss. May 30, 2013). In their Complaint, the Lonbergers concede that they purchased uninsured motorist coverage from OMNI; thus, case authority pertaining to the duty to explain the coverage before obtaining a waiver is not helpful. To the extent that the Lonbergers may claim that the Chapman defendants have a duty to explain the availability of additional uninsured motorist coverage, such claims have been refused by the Mississippi Supreme Court. *See Owens v. Miss. Farm Bureau Cas. Ins. Co.*, 910 So. 2d 1065, 1074 (Miss. 2005) ("[W]e reject and overrule the implication . . . that an insurance agent has the absolute, court-created duty to

---

[1] In their Complaint, the Lonbergers' allege, "That each of the Defendants have wrongfully and negligently failed to fully and clearly identify, disclose and secure available beneficial insurance coverages required to be available to Plaintiffs under the facts, Mississippi's Uninsured Motorist Act . . . and Mississippi Laws . . . ." (Compl. at 21, ECF No. 1-2).

explain an insured's right to purchase additional UM coverage, over and above the amount required by statute.")

In an Affidavit submitted to the Court, the Lonbergers appear to argue that the Chapman defendants should have taken actions to investigate or adjust their insurance claims, which may arguably be the basis for their allegations concerning uninsured motorist coverage in the Complaint. However, "an insurance adjuster, agent or other similar entities may not be held liable for simple negligence in connection with adjusting a claim . . . . Rather, an adjuster 'can only incur independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured.'" *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 784 (¶25) (Miss. 2004) (quoting *Bass v. Cal. Life Ins. Co.*, 581 So. 2d 1087, 1090 (Miss. 1991)). There are no factual allegations in the Complaint supporting a gross negligence claim against the Chapman defendants, and there is no description of conduct evidencing malice or reckless disregard. *See In re Guardianship of Duckett*, 991 So. 2d 1165, 1176 (¶25) (Miss. 2008) ("[g]ross negligence is that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them"). As a result, the Lonbergers have not stated negligence or gross negligence claims against the Chapman defendants.

The Lonbergers also attempt to assert a negligent misrepresentation claim, but all of the factual allegations that could support such a claim reference only Omni. As for the breach of contract claim, an agent for a disclosed principal cannot

incur contractual liability. *See Jabor v. Life Ins. Co. of N. Amer.*, 362 F. Supp. 2d 736, 740 (S.D. Miss. 2005). Thus, there is no possibility that the Lonbergers can recover on their breach of contract claim or negligent misrepresentation claim against the Chapman defendants.

It appears that the Lonbergers seek to bring a tortious interference with contract claim, but there is no allegation in their Complaint that the Chapman defendants interfered with any agreement. *See Jones v. Mullen*, 100 So. 3d 490, 498 (¶35) (Miss. Ct. App. 2012) (describing elements of a tortious interference claim).

Finally, the Lonbergers raise a claim of outrage. An outrage claim is more commonly referred to as an intentional infliction of emotional distress claim.

> Intentional infliction of emotional distress results when the actions of the defendant were "wanton and willful and evoked outrage or revulsion." *Riley v. F.A. Richard & Assocs., Inc.*, 16 So. 3d 708, 719 (¶33) (Miss. Ct. App. 2009). "The severity of the acts must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Speed v. Scott*, 787 So. 2d 626, 630 (¶18) (Miss. 2001)).

*Lambert v. Baptist Mem'l Hosp. N.-Miss., Inc.*, 67 So. 3d 799, 805 (¶25) (Miss. Ct. App. 2011). Here, the Chapman defendants' alleged failure to provide a copy of the insurance policy or explain uninsured motorist coverage is clearly not conduct that is sufficient to support a claim for intentional infliction of emotional distress.

The Court finds that the Chapman defendants are improperly joined as defendants in this lawsuit. None of the factual allegations concerning these defendants support recoverable causes of action.

## II. PROCEDURAL DEFECTS

The Lonbergers also allege that the Notice of Removal was procedurally defective. First, they argue that the Chapman defendants did not join in the Notice of Removal. However, only defendants that are properly joined as defendants and served with a copy of the Complaint are required to join in the Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A). This Court has determined that the Chapman defendants were improperly joined as defendants.

In addition, the Lonbergers argue that the Notice of Removal was not properly served on both of their attorneys and that Omni failed to attach the entire Complaint to the Notice. However, the Certificate of Service pertaining to the Notice of Removal states that one of the Lonbergers' attorneys, Matthew Lyons, was served with a copy of the Notice of Removal by United States Mail. Mr. Lyons has not alleged that he was not served in this manner; he only claims that he did not receive a copy of the Notice of Removal by facsimile.[2] As a result, the Court finds that service was sufficient. *See* 28 U.S.C. § 1446(d) (providing only that all parties must be served with a copy of the notice of removal). Furthermore, the entire Complaint was attached to the Notice of Removal, and only the exhibits were missing. The exhibits were later filed along with the remainder of the state court

---

[2] The Certificate of Service provided that the Notice of Removal had been served via facsimile and United States mail, but Mr. Lyons does not have a fax machine. Counsel for Omni has explained to the Court that when the facsimile was rejected, an additional copy of the Notice of Removal was sent to Mr. Lyons via email.

record only five days after the Notice of Removal was filed. Both this Court and the Fifth Circuit have held that "the failure to include all state court documents with a notice of removal is a procedural defect that may be cured by the removing party." *Phillips v. First Tower Loan, Inc.*, 2012 WL 5873360 at *3 (S.D. Miss. Nov. 20, 2012) (citing *Covington v. Indem, Ins. Co. of N. Am.*, 251 F.2d 930, 933 (5th Cir. 1958)).

## III. REQUEST FOR PERMISSION TO AMEND THE COMPLAINT

Finally, the Lonbergers seek permission to amend their complaint in their response to the Motion to Dismiss. However, they have not submitted a proposed amended complaint to the Court, and it appears that any proposed amendment would only serve to clarify or expand upon assertions that have been rejected by this Court. As a result, amendment would be futile.

## CONCLUSION

For the foregoing reasons, the Court finds that the Chapman defendants were improperly joined as defendants in this lawsuit. As a result, the Lonbergers' Motion to Remand is denied, and the Chapman defendants' Motion to Dismiss is granted. The Chapman defendants' Motion to Strike is moot, since the Court reviewed the documents at issue and found that the documents did not affect the Court's decision.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Remand [11] filed by Melvin and Bobbie Lonberger is **DENIED**.

**IT IS, FURTHER ORDERED AND ADJUDGED** that the Motion to

Dismiss [5] filed by Chapman Insurance Services, LLC, and Curt Conner Chapman is **GRANTED**. The Lonbergers' claims against Chapman Insurance Services, LLC, and Curt Conner Chapman are hereby **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Strike [22] Response in Opposition to Motion to Dismiss filed by Chapman Insurance Services, LLC, and Curt Conner Chapman is **MOOT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the parties shall promptly notify the magistrate judge of this order and submit a proposed order lifting the stay entered in this matter on July 9, 2013.

**SO ORDERED AND ADJUDGED** this the 2nd day of August, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE